**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4611**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

SIDNEY BAKER,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:07-cr-00643-TLW-1)

───────────

Submitted:  February 20, 2009   Decided:  March 16, 2009

───────────

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Kevin Frank McDonald, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a plea agreement, Sidney Baker pled guilty to conspiracy to possess with intent to distribute five grams or more of cocaine base, 21 U.S.C. §§ 846, 841(b)(1)(B) (2006). He was sentenced to seventy-two months in prison. Baker now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence is unreasonable but stating that there are no meritorious issues for appeal. Baker was advised of his right to file a pro se supplemental brief but did not file such a brief. We affirm.

Baker was held responsible for 58.51 grams of cocaine base, for a base offense level of 30. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2007). His total offense level was 30, his criminal history category was III, and his advisory guideline range was 121-151 months. The United States moved for downward departure based on Baker's substantial assistance. See USSG § 5K1.1. After hearing argument by counsel and testimony from a detective about the specifics of Baker's assistance, the court concluded that Baker had provided significant assistance to authorities in Virginia and North Carolina. The court granted the Government's motion, departed downward by five levels, and sentenced Baker to seventy-two months in prison.

We review a criminal sentence for reasonableness, using the abuse of discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 594-97 (2007). We conclude that Baker's sentence is both procedurally and substantively reasonable. In this regard, we note that the district court properly calculated Baker's guideline range, treated the Guidelines as advisory, considered the applicable 18 U.S.C. § 3553(a) (2006) factors, and adequately explained its reasons for the fact and extent of the downward departure. <u>See</u> <u>id.</u> at 597; <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and we find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3